[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1902

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN SCUDERI,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]



Before

Boudin, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.



James R. Knudsen on brief for appellant.
Donald K. Stern, United States Attorney, and Jennifer Zacks,
Assistant United States Attorney, on brief for appellee.



March 17, 1998


Per Curiam. Appellant John Scuderi ("Scuderi") was
convicted of conspiracy and trafficking in counterfeit goods,
through his operation of Marco Polo International ("Marco
Polo"), in violation of 18 U.S.C. 371 & 2320. Based on the
district court's finding that he had trafficked in counterfeit
goods valued at more than $350,000, Scuderi was sentenced to a
term of imprisonment of 37 months, pursuant to U.S.S.G. 
2B5.3 & 2F1.1(b)(1)(J). We have reviewed the briefs of the
parties and the record on appeal, and we summarily affirm.
Scuderi recites correctly that it is the government's
burden to prove the retail value of the infringing items by a
preponderance of the evidence and that the court's
determination of such value need not be precise. See, e.g.,
United States v. Kim, 963 F.2d 65, 69 (5th Cir. 1992). We
review the factual conclusions of the sentencing court for
clear error. See United States v. Damon, 127 F.3d 139, 141
(1st Cir. 1997). Contrary to Scuderi's contention, however,
there was no clear error in the district court's determination
in this case.
The presentence report adequately supported its sales
figure of $477,000 using a tax return and bank statements as
sources. At sentencing, Scuderi was only able to identify
approximately $17,000 in Victoria's Secret clothing as
legitimate merchandise. He argued that some handbags, sheets
and pillowcases were also legitimate merchandise, but offered
no specific number of these allegedly legitimate items. The
district court did credit Scuderi with some amount for the
legitimate Victoria's Secret merchandise and for sales taxes,
finding the retail value of the infringing items to be
approximately $400,000, rather than $477,000.
Scuderi's argument on appeal essentially is that the
government failed to carry its burden of proof as to the extent
of counterfeit merchandise sold by Marco Polo. He continues to
argue that some handbags, sheets and pillowcases sold were
legitimate merchandise, but he provides no specific number of
these allegedly legitimate items. Scuderi cannot successfully
challenge the court's determination by "a general objection, in
the form of a claim that the [presentence] report does not
satisfy the government's burden of proof." United States v.
Washington, 115 F.3d 1008, 1010 (D.C. Cir. 1997). Such a
general objection is essentially all that Scuderi has raised
here.
Affirmed. Loc. R. 27.1.